```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION
```

| | |
|---|---|
| ASA S. LEWIS, SR., | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. 1:14-CV-03871-AT-ECS |
| HOME DEPOT et al., | |
| Defendants. | |

**O R D E R**

Plaintiff, proceeding pro se, seeks to file this discrimination action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, et seq., without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a)(1964). After consideration by the Court of Plaintiff's affidavit of indigency, the Plaintiff's motion to proceed in forma pauperis, [Doc. 1], is hereby **GRANTED** pursuant to Section 1915(a), and the Plaintiff shall be allowed to proceed with this action without prepayment of docket costs or United States Marshal Service fees.

On the "Pro Se Employment Discrimination Complaint Form" provided by the Court, Plaintiff indicates that he is bringing this civil action against his employer, Home Depot, and several individual employees pursuant to the Title VII and the ADA. [Doc. 1-1]. Plaintiff asserts that he was sexually harassed by a female

coworker, April Reed. [Id. at 7]. He asserts that when he reported the harassment to Carl Billings and Mike Vera, presumably his superiors, he was further harassed and otherwise retaliated against by Billings, Vera, and two other Home Depot employees because of his complaint. [Id.]. Plaintiff also alleges that his request for accommodations for sickle cell anemia was denied in retaliation for his complaint against Ms. Reed. [Id.].

In light of the facts presented by Plaintiff, the Court cannot find that the instant action is entirely frivolous or malicious. See Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989). Therefore, this action shall be allowed to proceed as any other civil action as to Plaintiff's claims against Defendant.

The Clerk is hereby **DIRECTED** to send to Plaintiff sufficient copies of the following forms: USM 285 form, summons, and the initial disclosures form. Plaintiff is **DIRECTED** to complete the USM 285 form, summons, and initial disclosures form, and to return one of each for each Defendant named in the complaint within twenty (20) days from the entry date of this Order to the Clerk of Court. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if the Plaintiff fails to comply.

2

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for each Defendant. The service waiver package must include, for each Defendant, two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of the Court with adequate first class postage for use by each Defendant for return of the waiver form, one (1) copy of the complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 form(s) and the summons(es).

Upon completion of the service waiver package(s), the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service waiver package(s) to each Defendant. Defendants have a duty to avoid unnecessary costs of serving the summons. If a Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause is shown for failure to return the Waiver of Service form.

In the event a Defendant does not return the Waiver of Service form to the Clerk of the Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for each Defendant who failed

3

AO 72A
(Rev.8/82)

to return the waiver form. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to personally serve each Defendant who failed to waive service. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Individual Defendants have a duty to avoid unnecessary costs of serving the summons; and if a Defendant fails to comply with the request for waiver, the Defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver.

A pro se Plaintiff is **REQUIRED** to provide the Court with copies of any further pleadings or papers filed with the Court (usually an original and one copy) and is further **REQUIRED** to **SERVE** upon the Defendants or counsel for the Defendants[1] by mail or by hand delivery under Rule 5 of the Federal Rules of Civil Procedure, a copy of every additional pleading or other paper described in Rule 5. Each pleading or paper described in Rule 5, including pleadings, papers related to discovery required to be served, motions, notices, and similar papers, shall include a certificate stating the date on which an accurate copy of that pleading or document was mailed to the Defendant or its counsel.

---

[1] Once counsel for a Defendant has entered the case, serve the Defendant's counsel only.

4

This Court shall disregard any papers submitted that have not been properly filed with the Clerk, or which do not include a certificate of service. Pro se Plaintiffs are further **REQUIRED** to keep the Court advised of their current address at all times during the pendency of the lawsuit.

    **SO ORDERED**, this 13th day of January, 2015.

                                                      s/ *E. Clayton Scofield III*
                                                      E. CLAYTON SCOFIELD III
                                                      UNITED STATES MAGISTRATE JUDGE